Horstblower, C. J.
Upon the argument of this rule, the whole case involved in the foregoing statement of facts was brought into discussion, and fully debated by counsel, and the great *301 question to be decided by the court is, whether the cause which was commenced by John Den, on the demise of John Rutherford, against Richard Fen, Folger, tenant, in September term, 1824, is now in existence and legally pending in this court ? If it is, then the plaintiff has a right to proceed in it as best he can, and the most that Perry could ask, would be to be let in to defend. But after considering the arguments of counsel and reflecting upon the case in reference to the practice of the court, and the policy of the law, expressed in the maxim, “ vigilantibus et non dormimtibus servat lex,” I feel constrained to say that the cause ought to be considered out of court. It is true we have within the last year, entertained motions in behalf of the plaintiff, and granted him rules in the cause, but though they were made openly in court and in good faith by counsel, yet they were ex parte motions, and the rules granted thereupon must be considered as entered at the peril of the party at whose instance they were granted.
As the case now stands, there is not, and never was any defendant on the record, except that imaginary troubler, Richard Fen, who really never did any body any harm, and now after a lapse of twenty years, we are called upon to give judgment against him, not to his prejudice, for he is as invulnerable as he is harmless, but to the ruin, perhaps, of some honest man who may have been betrayed into security by the slumbers of the plaintiff.
To permit the plaintiff now to enter up judgment against the casual ejector, and turn (it may be) the real owner out of possession, would be to place him in a better position than he would now be in, if he had entered his judgment for want of an appearance and plea in September term, 1824. For a writ of possession cannot be regularly issued on a judgment in ejectment after a year and a day without a scire facias against the defendants and terre-tenants, and that, even in cases in which there has been an appearance entered, and the judgment obtained against a real defendant, (Withers v. Harris, 2 Ld. Raymond, 806, S. C. 7. Mod. 50, and more fully in 7 Mod. 64, Den v. Roe, 1 Taunt. 55;) and Mr. Adams, in his book on ejectment, page 311, says when the judgment is against the casual ejector the terre-tenant must be joined in the seire facias.
*302 And again, if plaintiff in ejectment after recovering judgment either against the casual ejector, or a real defendant, sues out no execution, or fails to take possession for twenty years, he will never after be permitted to revive that judgment, nor to sue out any writ of possession upon it. It is true, when the plaintiff first began» again to move in this cause, full twenty^ years from the service of the declaration had not expired, but it would be unreasonable that a man, who had slept over his suit for nineteen years, should be enabled by the action of the court to avoid the operation of the statute of limitations, to the prejudice perhaps of honest unsuspecting purchasers.
When the plaintiff had entered judgment in May term, 1843, the demise had long before expired. This was irregular, and that judgment was very properly set aside in the September term following. It is true that the court then granted a rule permitting the plaintiff to amend by extending the demise, but I am satisfied that rule was inconsiderately and improvidently granted. In Jackson v. Haveland, 13, Johns. R. 229, it became material to consider the effect of a prior judgment in ejectment, in which a default had been entered against the casual ejector in 1790, the demise had been laid, on the 10th May, 1788, for fourteen years, but no judgment was signed until the 27th May, 1811, nor was any possession ever taken under the judgment; and the court held that the plaintiff having slept until the demise had expired, had waived his right of entry under the judgment, and therefore stood in the same relation towards the tenant, as if he had never attempted a legal remedy against him.
And in Aislin v. Parkin, 2 Burr. 667, Lord Mansfield says, “a judgment in ejectment only concludes the parties, as to the 'subject matter of it; and therefore, beyond the time laid in the demise, it proves nothing at all.”
I know that amendments of declarations in ejectment are almost of course, and that the demise will be altered or enlarged even after trial and verdict, and even after writ of error brought, or motion in arrest of judgment, (Small v. Cole, &c. 2 Burr. 1159, Mattel v. Denny, 2 Str. 807, Oates v. Shepherd, 2 Str. 1172, and cases cited in note.) Doe v. Pilkington et al. 4 Burr, 2247, Den v. Snowhill, 1 Green, 23, Den v. Taylor, 2 *303 Green, 81, and several other cases in the court.) But upon an examination of the cases, it will invariably be found, that such amendments have been made only for the purpose of promoting the ends of justice ; securing to the parties a fair trial upon the merits, or sustaining a verdict after a fair trial has been had, or saving the plaintiff from the effects of time, where it has outrun his demise, by hindrances not within his control, or at most where the delay has not been owing to unusual or culpable neglect on his part.
Here the cause slept for more than eighteen years, and no excuse whatever is offered for it. It is said indeed by the plaintiff’s counsel, that the neglect was on the part of the tenant, in not causing himself to be made defendant instead of the casual ejector and exchanging the consent rules as he ought to have done. But this is not so. If he did not appear and place himself in an attitude of defence according to the course of the court, the plaintiff’s remedy was a plain one. He had only to enter the default and proceed to judgment and execution. It would be a reproach to the forms and the administration of justice, to permit a party to return a declaration in ejectment after a service of it upon a tenant, who may be an ignorant or unfaithful one, or himself a mere trespasser, and then eighteen or twenty years afterwards, enter up a judgment against the casual ejector, and turn the owner out of possession, because the tenant had neglected to appear. It is true that courts have in some instances permitted the demise to be enlarged, for the avowed purpose of saving the plaintiff from the effects of the statute of limitations, when that plea would be a bar to a new action. Bufas I have already said, they were cases in which the efflux of time was not owing to the unusual and inexcusable neglect of the party.
It is further said, that Perry comes here not to try the title, but to turn the plaintiff out of court and drive him to a new action ; that he has no bous standi in court and ought not to be heard, except for the purpose of being let in to defend the action. But there is nothing substantial in this objection. He is now and has been since the year 1829 in possession of the premises as owner, and now finds himself about to be turned out of possession, on an ejectment commenced in the year 1824, (now twenty years *304 ago,) against a former tenant, long since become insane; and which action has been permitted to sleep ever since. Surely he has a right to inquire whether the action is still pending; he has a deep interest in the case. If it is a subsisting, continuing suit, he ought to be admitted to defend; if it is not, he ought not to be compelled to appear to it and make defence. He has a right, therefore, to be heard here, and to show if he can, that the cause is or ought to be considered out of court. He insists, and I think with reason, that the plaintiff having slept until his demise has run out, and much longer, he ought to stand in relation to the premises and to all persons claiming title to them, as if he had never brought the suit; in other words, that the plaintiff has suffered a discontinuance. Blackstone says, (in 3 Com. 295,) “ When a plaintiff leaves a chasm in the proceedings of his cause, as by not continuing the process from day to day, and from time to time, the suit is discontinued, and the defendant is no longer bound to attend ; but the plaintiff must begin again, by suing out a new original, &o.” It is true these continuances have long ceased to be entered on the record, but the law of discontinuance remains, and though it cannot be set up by a defendant, as a matter of right pendente plácito, before judgment, because the court may continue a cause at pleasure, yet in the exercise of a sound discretion they may and will consider a cause discontinued, where a plaintiff has left unreasonable chasms in his proceedings, at war with the maxim that requires diligence in a suit, and dangerous to the rights of other parties. (Cro. Jacq. 211, 2 Sell. prac. 336.)
The result is, that in my opinion this cause ought to be considered out of court, and that the several rules heretofore granted be vacated and discharged, without costs on either side.
If the statute of limitations now stand in the way of a new suit, it is the plaintiff’s own fault, and he has no right to complain.